FILED
2006 Mar-21 PM 04:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JOHNNY MAYNOR, ANTHONY MURPHREE, CHRISTOPHER NICHOLS, YVETTE BARBEE, JOSEPH BOWIE, JAMES BROWN, KELVIN COWAN, McARTHUR GREEN, KRISTY LEIGH GRIGGIN, CARRIE JACKSON, CLEVELAND OWENS, WILLIE PERRY, ALNAS RUSSELL, MAURICE SEARS, BILLY RAY SMITH, and MICHAEL VAUGHN, individually and on behalf of all present and future inmates of Morgan County Jail at Decatur, Alabama,** | ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| **MORGAN COUNTY, ALABAMA; STEVE CRABB,** Sheriff of Morgan County, and **MYRA YATES,** Jail Administrator, in their official capacities; **LARRY BENNICH, JEFF CLARK, DON STISHER, STACY GEORGE,** and **FAYE SPARKMAN,** members of the **MORGAN COUNTY COMMISSION,** in their official capacities; **DON SIEGELMAN,** Governor of **ALABAMA,** and **MIKE HALEY,** Commissioner of the Alabama Department of Corrections, in their official capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action Number
**5:01-cv-00851-UWC**

**MEMORANDUM OPINION ON THE DEFENDANT SHERIFF'S
MOTION FOR INSTRUCTIONS**

On February 17, 2006, Defendants Greg Bartlett, as the Sheriff of Morgan County,

Alabama,[1] and Myra Yates, as the Jail Administrator,[2] moved the Court for a protective order, or in the alternative, moved for instructions from the Court and requested an emergency hearing. (Doc. 63.) The Court will treat the motion as one for interpretation of the extant Consent Decree, as amended. (Doc. 45.)[3]

The present dispute involves the Sheriff and members of the Morgan County Commission. It relates to the staffing of the new County Jail, which shall be occupied by inmates in less than three months. At the direction of the Commissioners, the new County Jail consists of four separate and independent inmate housing units, called "pods." The Sheriff insists that he cannot adequately staff the four pods with less than 102 officers. On the other hand, the Commissioners insist, with equal vigor, that the four pods can be adequately staffed with only 78 officers and they have budgeted funds only for these 78 positions.

These parties now refuse to even discuss the matter with each other; and the Sheriff has dropped it in the Court's bosom for resolution.

In the outset, it is well to remind the Sheriff and the Commissioners that this

---

[1] Greg Bartlett succeeded Steve Crabb as the Sheriff of Morgan County.

[2] On her subsequent motion, Myra Yates has been dismissed as a party to the instant motion. (Doc. 65.)

[3] The September 21, 2001, Consent Decree was the Defendants' response to severe and recurring overcrowding in the Morgan County Jail, and medical conditions which were alleged to violate the Eighth Amendment to the United States Constitution. The parties have stipulated that the Consent Decree is narrowly drawn, extends no further than necessary to correct the violations of the Plaintiffs' federal constitutional rights, and that it is the least intrusive means necessary to correct these constitutional violations. (Doc. 45, para. 46.) *See* 18 U.S.C. § 3626(a).

Court lacks both the inclination and the authorization to resolve political disputes. The Court's only role is to insure that the provisions of the Consent Decree are implemented and enforced. Put another way, this Court is only authorized to require the parties to abide by the terms of the contract which they executed and the Court embodied in the Consent Decree. The Court can go no further; it eschews the invitation to address issues beyond the scope of the constitutional claims in this case.

In the original Consent Decree, the Commissioners and the Sheriff "commit[ted] to move diligently to design, construct and occupy a new County Jail facility.... The Jail will be designed and constructed so as to assure the health, safety, and welfare of the inmates are adequately provided for." (Doc. 45, para. 10.)

On December 8, 2005, on motion of the parties, (Doc. 60),[4] the Court amended the Consent Decree to require, among other things, the development of a "Transition Plan." The Transition Plan requires:

> "(a) a staffing analysis for the new Jail Facility in order to ensure that the new Jail facility will have the staff reasonably necessary to operate the Facility and ensure the safety of individuals; (b) policies and procedures for the new Jail facility in accord with constitutional standards, .... (i) a budget for the operation and staffing of the new Jail facility."

*Id*.

The Sheriff's staffing analysis and budget were subsequently presented to each of the Commissioners individually. The analysis proposed to staff the four pods with 122 officers

---

[4] The principal object of the motion was to extend the deadline for the opening of the new Jail. *Id.*

working eight hour shifts, or 103 officers working twelve hour shifts. The Sheriff unsuccessfully sought to make his presentation to a formal meeting of the Commission. The presiding officer of the Commission apparently failed to maintain sufficient order so that the Sheriff's presentation could be made to the formal session of the Commission. The Commission thereafter determined that it would only authorize and fund 78 officers for the new Jail.

At the present time, there are 242 inmates in the custody of the Morgan County Sheriff.[5] Roughly 28 of the inmates are females. Both the Sheriff and the County Commissioners agree that it would be inappropriate to house female inmates in the same pod as male inmates.

Pod A has a 100-bed capacity. Pod B has a 90-bed capacity. Pod C, the maximum security pod, has a 101-bed capacity. Pod D is the dormitory pod, with a 120-bed capacity.

On consideration of all of the evidence, the Court finds that <u>three pods</u> must be operated at the new Morgan County Jail in order to satisfy the constitutional prohibition against overcrowding. One of these pods must be reserved exclusively for female inmates.[6] The Court further finds that a <u>minimum staff of 88 officers</u> will be required to operate the three pods in order to meet the amended Consent Decree's requirement of a staff

---

[5] Two hundred inmates are in the actual custody of the Morgan County Sheriff. Another 44 are housed in the Clay County Jail, under a contractual arrangement with the Morgan County Sheriff.

[6] This requirement does not preclude the use for administrative functions of the pod reserved for female inmates, so long as male inmates are not housed in the same pod.

constitutionally and reasonably adequate.[7]

By separate order, the Consent Decree will be so interpreted.

Done the 21st day of March, 2006.

                                                   U.W. Clemon
                                  Chief United States District Judge

---

[7] Should the number of Morgan County inmates increase substantially to the point that the fourth pod is needed, based on the evidence, the Court finds that an additional 14 officers will be required to satisfy the Consent Decree's obligations.