FILED
2009 Jan-09 PM 12:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JOHNNY MAYNOR, ANTHONY MURPHREE,** )<br>*et al.*, **on behalf of themselves and** )<br>**all others similarly situated,** **)**<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>**MORGAN COUNTY, ALABAMA;** )<br>**GREG BARTLETT, as Sheriff of Morgan County,** **)**<br>**Alabama; and members of the MORGAN COUNTY** )<br>**COMMISSION, in their official capacities;** *et al.,* )<br>)<br>Defendants. ) | Civil Action Number<br>**5:01-cv-0851-UWC** |

## AMENDED FINDINGS OF FACT ON CONTEMPT ISSUE

Based on the clear and convincing evidence adduced at the evidentiary hearing of January 7, 2009, the Court makes the following Findings of Fact.

1. The September 25, 2001, Consent Decree entered in this case requires in relevant part:

> 22. County Defendants shall provide a nutrionally adequate diet to inmates, and shall consult with a registered dietician to review and approve all menus actually served at the Jail . . .
>
> . . . .
>
> 33. County Defendants shall obtain and make available at least 2 sets of the *Offenses and Defenses in Alabama*, Harrison Co. (3d Ed. 1000), *Alabama Criminal Trial Practice Forms*, Harrison Co. (3d Ed. 1993), the *Georgetown Law Journal Annual Review of Criminal Procedure*

>(2001), the *Alabama Code Annotated*, Title 13A (Criminal Code), *Legal Research: How to Find and Understand the Law*, Nolo Press (4th Edition), and *Prisoners' Self-Help Litigation Manual*, Ocean Publications, 3rd edition, 1995, and shall, upon request for specifically identified legal materials and the prepayment of the estimated reasonable cost of supplying such, supply the inmate with photocopies of the specifically identified legal materials. County Defendants shall accept donations of legal materials to the Jail received from Plaintiffs' counsel for use by inmates; subject to reasonable limitations on the quantity of such materials. The Class recognizes that Class members are jointly responsible for the proper care of the reference books, and County Defendants shall not be required to replace any of the above legal materials which were damaged by inmates in whole or in part.

(Doc. 24.)

2. The minimal daily requirements for a nutrionally adequate diet for 40-year old male inmates of the Morgan County Jail with moderate physical activity include grains, vegetables, fruits, milk, meats, beans, oils, and sugars and fats.

3. During the relevant period, *i.e.,* the date of Sheriff Greg Bartlett's assumption of office and January 1, 2009, the typical breakfast for inmates of the Morgan County Jail consisted of a serving of grits or unsweetened oatmeal, half an egg or less (sometimes cold), a slice of white bread, and unsweetened tea or flavored beverage (*i.e.,* Kool-Aid). On Saturdays, a small pancake with a few drops of syrup was sometimes served.

4. During the relevant period, the typical lunch for inmates of the Morgan County Jail consisted of either two peanut butter or baloney sandwiches (with a small

amount of peanut butter or an exceedingly thin slice of baloney between the two slices of white bread), a small-sized bag of corn chips, and flavored water or unsweetened tea.

5. The typical dinner for inmates of the Morgan County Jail during the relevant period was limited to two hot dogs or meat patties, or chicken livers or quarters, slaw or onions, a slice of bread, and mixed vegetables or baked beans.

6. Milk was never served to inmates of the Morgan County Jail during the relevant period.

7. Fruit was served to inmates of the Morgan County Jail only three or four times a year. Except for apples, all of the fruit served was canned.

8. The chicken served to inmates at the Morgan County Jail was sometimes not thoroughly cooked  - with a pinkish appearance and blood still showing.

9. The portions of food served at the Madison County Jail are woefully insufficient to satisfy the normal appetites of adult males.  After eating each meal served by the Jail staff, the inmates remain hungry.  Some inmates complain of recurring hunger pains.

10. The Morgan County Jail does not provide sugar, salt, pepper, or other condiments for the food served to inmates.  Inmates must purchase such items from the Jail Store.

11. As a result of the nutrionally inadequate meals regularly served by the Morgan County Jail, many of the inmates have lost weight - some by as much as fifty (50) pounds.

12. Because of the insufficient portions of food served at the Morgan County Jail, inmates who can afford to do so, with the help of family and friends, purchase food items from the Jail Store. Some inmates spend as much as $100 for Jail Store food items.

13. Last year, Sheriff Bartlett and the Sheriff of Limestone County were given a tractor-trailer of hot dogs. Each of them paid $500 for the delivery of the hot dogs to the respective jails. After the delivery of the half tractor-trailer of hot dogs to the Morgan County Jail, they were served to the inmates <u>at each meal</u> until they had been depleted.

14. According to Sheriff Bartlett, other food items have been donated in bulk by schools and other organizations to the Morgan County Jail, and served to the inmates.

15. Sheriff Bartlett admits that he could double the food portions served to inmates of the Morgan County jail without significantly increasing his food expenditures.

16. Last year, Sheriff Bartlett deposited $95,000 to his personal account from

the funds allocated to him by the State of Alabama and the federal government for the feeding of inmates.

17.  During the relevant period, Sheriff Bartlett has deposited in excess of $200,000 to his personal account from the funds allocated to him by the State of Alabama and the federal government for the feeding of inmates.

18.  Since 2007, inmates of the Morgan County Jail have been denied legal materials when requested.

19.  The County Defendants have not maintained any of the legal materials specifically required for the use of Morgan County inmates by ¶ 33 of the Consent Decree at anytime since 2007.

20.  Inmates of the Morgan County Jail did not damage or destroy all of the legal materials specifically required by ¶ 33 of the Consent Decree.  Some of the required legal materials were lost during the process of moving to the new jail, through no fault of the inmates.

21.  At all material times, Sheriff Bartlett and the Morgan County Commission were fully capable of complying with the provisions of the Consent Decree.

22.  Sheriff Bartlett and the Morgan County Commission were fully aware that they were violating the applicable provisions of the Consent Decree.

23.  The Sheriff and the Morgan County Commission have taken appropriate

measures to bring themselves into compliance with ¶ 33 of the Consent Decree.

These Findings, most of which were dictated into the record at the close of the evidentiary hearing, are the basis of the Court's adjudication that the County Defendants contumaciously violated the Consent Decree.

Done this 9th day of January, 2009.

_____
U.W. Clemon
United States District Judge